**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PAUL M. CONTI, M.D.,** | : | |
| **Plaintiff,** | : | **Case No. 2:19-mc-00030** |
| **-vs-** | : | **JUDGE** _____ |
| **JOHN DOE,** | : | **MAGISTRATE JUDGE** _____ |
| **Defendant.** | : | |

**<u>AGREED MOTION FOR PROTECTIVE ORDER</u>**

This motion is being filed with regard to subpoenas (the "Subpoenas") issued in connection with a case pending in the United States District Court for the Southern District of New York styled *Paul Conti v. John Doe*, United States District Court, Southern District of New York, Case No. 17CV-9268 (the "New York Action") directed to "James Doe" and "Jane Doe" (the "Non-Party Witnesses").[1]  The place for compliance with the Subpoenas is within this District.

Pursuant to Civil Rules 26 and 45, the parties to the New York Action and the Non-Party Witnesses hereby jointly request this Court to enter the Agreed Protective Order attached hereto to govern discovery from the Non-Party Witnesses in connection with the New York Action. The parties to the New York Action and the Non-Party Witnesses have agreed to the terms of the attached Agreed Protective Order to facilitate discovery from the Non-Party Witnesses and to preserve the confidentiality of information that the Non-Party Witnesses assert to be highly

---

[1]   The Court in the New York Action authorized Plaintiff to file an anonymized complaint that refers to Defendant using the pseudonym "John Doe."  Inasmuch as identifying the names of the nonparty witnesses to whom the subpoenas have been issued could lead to identification of John Doe, the nonparty witnesses are proceeding herein using the pseudonyms "James Doe" and "Jane Doe."

private, personal and confidential, and would cause substantial and undue prejudice and hardship if disclosed publically.

For all these reasons, the parties to the New York Action and the Non-Party Witnesses request the Court to enter the Agreed Protective Order attached hereto.

Respectfully submitted,

/s/ G. William Bartholomew (by SWT per
6/6/19 e-mail authority)
G. William Bartholomew
JUDD BURSTEIN, P.C.
5 Columbus Circle, Suite 1501
New York, New York 10019
Tel.:  (212) 974-2400
Fax:  (212) 974-2944)
wbartholomew@burlaw.com

/s/ David F. Axelrod (by SWT per
6/10/19 e-mail authority
David F. Axelrod (0024023)
SHUMAKER, LOOP & KENDRICK, LLP
41 S. High Street, Suite 2400
Columbus, Ohio 43215
Tel.: (614) 628-4427
Fax: (614) 463-1108
daxelrod@shumaker.com
*Attorneys for Plaintiff*

/s/ Andrew G. Celli (by SWT per
6/5/19 e-mail authority)
Andrew G. Celli, Jr.
Douglas E. Lieb
EMERY CELLI BRINCKERHOFF
  & ABADY LLP
600 Fifth Avenue at Rockefeller Center
New York, New York 10020
Tel:  (212) 763-5000
Fax:  (212) 763-5001
acelli@ecbalaw.com
dlieb@ecbalaw.com

*Attorneys for Defendant John Doe*

/s/ Steven W. Tigges
John W. Zeiger (0010707)
Steven W. Tigges (0019288)
Daniel P. Mead (0083854)
ZEIGER, TIGGES & LITTLE LLP
41 S. High Street, Suite 3500
Columbus, Ohio 43215
Tel: (614) 365-9900
Fax: (614) 365-7900
zeiger@litohio.com
tigges@litohio.com
mead@litohio.com

*Attorneys for Non-Party Witnesses James
Doe and Jane Doe*

818282

# **ATTACHMENT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PAUL M. CONTI, M.D.,** | **:** | |
| **Plaintiff,** | **:** | **Case No. 2:19-mc-00030** |
| **-vs-** | **:** | **JUDGE _____** |
| **JOHN DOE,** | **:** | **MAGISTRATE JUDGE _____** |
| **Defendant.** | **:** | |

**AGREED PROTECTIVE ORDER**

Pursuant to agreement of Plaintiff Paul M. Conti, M.D. ("Plaintiff"), Defendant John Doe ("Defendant"), and non-party witnesses "James Doe" and "Jane Doe" (collectively, "Non-Party Witnesses"), through their respective undersigned counsel, and for good cause shown, it is hereby ORDERED:

1. The facts giving rise to this Order are stipulated as follows:

   A. Plaintiff is a party to a civil action pending in the United States District Court for the Southern District of New York, styled *Paul M. Conti, M.D. v. John Doe*, Case No. 17-CV-9268 (the "New York Action").

   B. As part of discovery in the New York Action, Plaintiff has caused subpoenas (the "Subpoenas") to be served on Non-Party Witnesses for production of certain documents and for attendance at depositions.

   C. The place for compliance with the Subpoenas is within the jurisdiction of the United States District Court for the Southern District of Ohio.

   D. Non-Party Witnesses assert that the documents requested by the Subpoenas and the testimony of Non-Party Witnesses will reveal information that is highly

private, personal and confidential, and would cause substantial and undue prejudice and hardship to Non-Party Witnesses if publicly disclosed.

E. To facilitate discovery from Non-Party Witnesses, Plaintiff, Defendant, and Non-Party Witnesses have agreed to this Order to govern Non-Party Witnesses' production of documents and depositions pursuant to the Subpoenas and any other discovery taken from Non-Party Witnesses in this District in connection with the New York Action.

2.     When producing documents and/or other discovery pursuant to the Subpoenas, testifying at deposition, or providing other discovery in this District in connection with the New York Action, Non-Party Witnesses may designate as CONFIDENTIAL any such documents and/or other discovery produced by them or testimony (hereafter collectively referred to as "PROTECTED MATERIAL").     Non-Party Witnesses shall designate PROTECTED MATERIAL only as to materials which they in good faith believe constitute such private, sensitive, or otherwise confidential material that the Non-Party Witnesses would normally not reveal to third parties or would cause third parties to maintain in confidence.   PROTECTED MATERIAL shall be used by the parties to the New York Action solely for the purpose of prosecuting or defending the New York Action and not for any other purpose whatsoever.

3.     PROTECTED MATERIAL shall not include documents and/or other discovery produced by Non-Party Witnesses to the extent such material (1) is now in, or from now on enters, the public domain through no action of Plaintiff, or (2) was in Plaintiff's possession before the time of its disclosure by Non-Party Witnesses; provided, however, that Non-Party Witnesses retain their right to assert privilege, if applicable, to such documents or other discovery.   Documents, deposition testimony and any other discovery provided by Non-Party

Witnesses using pseudonyms or redacted pursuant to this Order shall retain such pseudonyms and redactions in the public domain, unless the Court orders otherwise.

4.      CONFIDENTIAL documents, testimony and other discovery, for purposes of this Order, shall be designated as confidential in the following manner:

With respect to documents or other discovery produced by Non-Party Witnesses, the designation CONFIDENTIAL shall be affixed to each page containing any confidential information, except that in the case of multi-page documents bound together by staple or other permanent binding or electronic medium collecting confidential information (i.e. computer discs), the word CONFIDENTIAL need only be stamped on the first page of the document, or the exterior of the electronic medium, in order for the entirety of the document(s) contained therein to be treated as confidential.

5.      Materials designated as CONFIDENTIAL and any copies of such information shall not be exhibited or disclosed by counsel for the parties and/or by any party to any other person or entity; provided, however, that nothing herein shall prevent the exhibition of such documents or the information contained therein only to the following persons, who shall use such CONFIDENTIAL information solely in the prosecution or defense of the New York Action and for no other purpose:

(a)      (i) counsel for the parties and (ii) their associates, employees, assistants, and vendors who are engaged in connection with, or who are making decisions with respect to, this action or the New York Action on behalf of a party, provided that such persons have been advised of their obligations hereunder;

(b)      the parties and their officers, directors, members, agents, employees, or former employees who are providing assistance to counsel in this action or the New York

Action, provided that such persons have been advised of their obligations hereunder and have signed a written agreement to be bound by the terms of this Order;

        (c)    consultants, technical experts, expert witnesses, actual fact witnesses, potential fact witnesses and agents involved in the prosecution or defense of this action or the New York Action, provided that such persons have been advised of their obligations hereunder and have signed a written agreement to be bound by the terms of this Order;

        (d)    the parties' insurers and counsel to such insurers, provided that such persons have been advised of their obligations hereunder and have signed a written agreement to be bound by the terms of this Order;

        (e)    any mediator or arbitrator that the parties engage in this matter or that the Court appoints;

        (f)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

        (g)    the Court, including any appellate court, and its staff; and

        (h)    court reporters, their transcribers, assistants, and employees related to their provision of services in connection with this action or the New York Action.

Before counsel for a party may exhibit or disclose CONFIDENTIAL information to any of the persons identified in subparagraphs (a)(ii), (b), (c), (d), (e) or (h) above, counsel for the party (i) shall provide a copy of this Order to the person to whom CONFIDENTIAL information is being disclosed, (ii) shall advise such person of their obligations under this Order, and (iii) if required by subparagraphs (b), (c) or (d) above, shall obtain a written agreement from such person to be bound by the terms of this Order.

Other than persons described in paragraphs (a) through (h) above, no person shall have access to or be provided with CONFIDENTIAL information absent a Court order or written agreement of the parties to this Order.

6.      Counsel making disclosures of PROTECTED MATERIAL pursuant to subsections (b), (c), and (d) of paragraph 5 of this Order shall retain the original agreements described therein, together with the full names and addresses of each signer.  Within sixty (60) days after final resolution of this action as to all parties, counsel making such disclosure shall provide to counsel for the Non-Party Witnesses all signature pages and acknowledgments and the descriptions of the PROTECTED MATERIAL disclosed to each signer.

7.      In the event additional parties join or are joined in the New York Action, they shall not have access to PROTECTED MATERIAL until the newly joined party by its counsel has executed an agreement to be fully bound by this Order.

8.      If deposed, the Non-Party Witnesses may within thirty (30) days of receipt of the deposition transcript designate as CONFIDENTIAL testimony given or exhibits used during their deposition which, in good faith, he or she deems confidential, provided that the portion of the transcript relating to such confidential information shall be marked CONFIDENTIAL in accordance with this Order. At all times prior to the Non-Party Witness's receipt of the transcript, all testimony given at and exhibits used during the deposition shall be maintained as CONFIDENTIAL and PROTECTED MATERIAL under this Order.

9.      The recipient of any PROTECTED MATERIAL shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own proprietary information.

10. No party shall file PROTECTED MATERIAL with a Court without applying to that Court for leave to file under seal in accordance with that Court's procedures. Where permitted, a redacted version of any documents filed under seal will also be filed as part of the public record. Plaintiff shall notify the Non-Party Witnesses when Plaintiff files PROTECTED MATERIAL with a Court.

11. When producing documents, Non-Party Witnesses may redact portions of documents identifying them or information that could lead to their identification (e.g., their email addresses, identification of their family members, businesses, or business associates, etc.) or the identification of any party or non-party participating in the New York Action pseudonymously, unless the Court orders otherwise. Upon request by Plaintiff's counsel, Non-Party Witnesses shall provide an un-redacted copy of such document(s) to Plaintiff's counsel and, unless the court orders otherwise, all such un-redacted copies shall be maintained by Plaintiff's counsel in strict confidence on an attorneys' eyes only basis, provided, however, that nothing herein shall prohibit Plaintiff's counsel from disclosing the un-redacted copies of such documents to (i) the persons identified in Paragraph 5(a)(ii) of this Order (except for vendors) provided that such disclosures are made in accordance with the terms of that Paragraph, or (ii) the court, including any appellate court, and its staff, provided that counsel makes such disclosure to the court or its staff in accordance with Paragraphs 10 and 13 of this Order. Non-Party Witnesses may substitute the names "James Doe" and "Jane Doe" for their names and "John Doe" for Defendant's name on documents produced by them, unless the Court orders otherwise.

12. In the transcripts of any depositions of the Non-Party Witnesses and in any deposition exhibits used at such depositions, the names "James Doe," "Jane Doe" and "John

Doe" shall be substituted for the Non-Party Witnesses' and Defendant's names, respectively, unless the Court orders otherwise.

13.     In the event that any PROTECTED MATERIAL is used in any Court proceeding in connection with this matter, it shall not lose its CONFIDENTIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

14.     Any party may challenge the propriety of the designation of a given document or information as PROTECTED MATERIAL.  If any party elects to challenge the designation of CONFIDENTIAL of any document or other discovery pursuant to this Order, the challenging party shall notify counsel for the Non-Party Witnesses of the party's challenge in writing. Within fifteen (15) business days of the receipt of such written notice, the Non-Party Witnesses will either voluntarily remove the challenged designation or advise the challenging party that they will not remove the designation.  If the challenging party and the Non-Party Witnesses cannot resolve such dispute among themselves, the challenging party may seek appropriate relief from this Court. A dispute as to designation shall not be grounds for delay of or refusal to permit discovery; provided, however, that until otherwise resolved by this Court, all material as to which the dispute exists shall be treated as designated CONFIDENTIAL and shall be subject to the provisions of this Order.

15.     Any motion regarding the production of documents or depositions pursuant to any of the Subpoenas shall be filed in this Court, and shall be filed under seal and maintained in strict confidence by the parties to the New York Action and the Non-Party Witnesses pending further order of this Court.

16.     Within sixty (60) days after the conclusion of the New York Action, including all appeals, all PROTECTED MATERIAL, including all copies, extracts, summaries, portions of

notes, compilations, photographs, or memos specifically incorporating or referencing PROTECTED MATERIAL shall be returned to counsel for the Non-Party Witnesses, or destroyed. The party or attorney returning or destroying the PROTECTED MATERIAL shall certify that all such PROTECTED MATERIAL has been returned to the producing party or destroyed. Notwithstanding this provision, the parties' attorneys of record for the New York Action may retain an archival copy of all PROTECTED MATERIAL, including all copies, extracts, summaries, portions of notes, compilations, photographs, or memos specifically incorporating or referencing PROTECTED MATERIAL. Any such archival copies that constitute, contain, or reference PROTECTED MATERIAL remain subject to this Order. In no event shall this Order be interpreted in a manner that would prohibit the parties' attorneys of record for this action from transferring PROTECTED MATERIAL to any successor counsel the parties may retain, on the condition that such successor counsel agrees to be bound by the terms of this Order. This Order shall also not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

17.     Nothing herein shall restrict a recipient from making working copies, abstracts, digests, and analyses of PROTECTED MATERIAL or from preparing documents for filing such information. However, all such working copies, abstracts, digests, analyses and/or filings shall be deemed to have the same level of protection under the terms of this order as the original discovery material. Further, nothing shall restrict an authorized recipient from converting or translating PROTECTED MATERIAL into electronic or machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that use of and access to such converted information, in whatever form stored or reproduced, shall be

subject to the same terms and restrictions provided in this Order as is the original documents or information.

18.     Nothing herein will prevent any party from producing any PROTECTED MATERIAL in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party gives written notice to Non-Party Witnesses as soon as reasonably possible, and if permitted by the time allowed under the request, at least 20 days before any disclosure.  Upon receiving such notice, Non-Party Witnesses will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if such party deems it appropriate to do so.  The party to whom the subpoena was directed shall provide reasonable cooperation if Non-Party Witnesses oppose such compulsory process.

19.     The entry of this Order shall not: (a) constitute a waiver of the Non-Party Witnesses' or any party's right to seek at a future time relief from this Court from any or all provisions of this Order, including the right to seek an order granting access to specific documents designated as PROTECTED MATERIAL to specific individuals, or for an order allowing certain documents designated as PROTECTED MATERIAL to be used or disclosed in a manner contrary to that authorized herein; or (b) be construed as an admission or agreement that any material designated as PROTECTED MATERIAL is properly designated as CONFIDENTIAL, or is otherwise entitled to any protective relief whatsoever.

20.     Except as otherwise provided herein, inadvertent failure to designate information as "CONFIDENTIAL" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by prompt supplemental written notice.  Upon receipt of such a supplemental written notice, the terms of this Order shall apply and the

receiving party shall retrieve, to the extent reasonably possible, the information and any documents containing the same.

21.     This Order binds the parties and certain others to treat PROTECTED MATERIAL as confidential.  However, neither this Court nor the Court in the New York Action has made any finding regarding the confidentiality of the PROTECTED MATERIAL, and retains full discretion to determine whether to afford confidential treatment to any material designated as PROTECTED MATERIAL hereunder.

22.     This Order shall survive the termination of the New York Action and will continue to be binding upon all persons to whom PROTECTED MATERIAL is produced or disclosed, unless modified by order of this Court or by the written stipulation of the parties to this Order.

23.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

IT IS SO ORDERED.

_____

APPROVED:

/s/ G. William Bartholomew (by SWT per
6/6/19 e-mail authority)
G. William Bartholomew
JUDD BURSTEIN, P.C.
5 Columbus Circle, Suite 1501
New York, New York 10019
Tel.:  (212) 974-2400
Fax:  (212) 974-2944
wbartholomew@burlaw.com

*Attorneys for Plaintiff*

/s/ Andrew G. Celli (by SWT per
6/5/19 e-mail authority)
Andrew G. Celli, Jr.
Douglas E. Lieb
EMERY CELLI BRINCKERHOFF
  & ABADY LLP
600 Fifth Avenue at Rockefeller Center
New York, New York 10020
Tel:  (212) 763-5000
Fax:  (212) 763-5001
acelli@ecbalaw.com
dlieb@ecbalaw.com

*Attorneys for Defendant John Doe*

817250

/s/ Steven W. Tigges
John W. Zeiger (0010707)
Steven W. Tigges (0019288)
Daniel P. Mead (0083854)
ZEIGER, TIGGES & LITTLE LLP
41 S. High Street, Suite 3500
Columbus, Ohio 43215
Tel: (614) 365-9900
Fax: (614) 365-7900
zeiger@litohio.com
tigges@litohio.com
mead@litohio.com

*Attorneys for Non-Party Witnesses James
Doe and Jane Doe*